**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4124**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RANDALL GRAY STONEMAN, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00152-WO-1)

_____

Submitted:  July 24, 2023                    Decided:  September 22, 2023

_____

Before HARRIS and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Veronica L. Edmisten, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Gray Stoneman, Jr., was convicted after a trial of felony possession of marijuana with intent to distribute, discharging a firearm during and in relation to a drug trafficking crime, being a felon in possession of a firearm, and being a felon in possession of body armor.  He was sentenced to 552 months' imprisonment.  Stoneman argues that the district court erred by denying his motion to suppress evidence seized from his home and an audio/video recording from a law enforcement officer's bodycam.  He also argues that the district court erred in overruling his objections to Sentencing Guidelines enhancements for creating a substantial risk of bodily injury when he shot at persons he had reasonable cause to believe were law enforcement officers, U.S. Sentencing Guidelines Manual § 3A1.2(c)(1), wearing body armor during the offense, U.S.S.G. § 3B1.5(1), (2)(B), and attempted first degree murder, U.S.S.G. §§ 2K2.1(c)(1)(A), 2A2.1(a)(1).  We affirm.

On appeal from an order denying a motion to suppress, we review the district court's legal conclusions de novo, its factual findings for clear error, and the evidence in the light most favorable to the Government.  *United States v. Sueiro*, 59 F.4th 132, 139 (4th Cir. 2023).  A search warrant "is generally required for a search of a home." *Fernandez v. California*, 571 U.S. 292, 298 (2014).  "Under the Fourth Amendment, a [search] warrant must be supported by probable cause[,]" which "requires only a fair probability that contraband or evidence of a crime will be found in a particular place." *Sueiro*, 59 F.4th at 139 (internal quotation marks omitted).  In other words, "[t]here must . . . be some nexus between the suspected crime and the place to be searched." *United*

2

*States v. Orozco*, 41 F.4th 403, 409 (4th Cir. 2022). "[W]hether a nexus exists is a practical, commonsense determination" that "may be established by the normal inferences of where one would likely keep the evidence being sought." *Id.* (citation and internal quotation marks omitted). "We afford great deference to a judicial officer who issues a search warrant and ask only whether the judicial officer had a substantial basis for finding probable cause." *Sueiro*, 59 F.4th at 139 (internal quotation marks omitted). We have reviewed the record and the district court's decision to deny the suppression of evidence and conclude that there was no error.

In evaluating Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). Under the clear-error standard, "we will not disturb the district court's finding unless we are left with the definite and firm conviction that a mistake has been committed." *United States v. Dix*, 64 F.4th 230, 238 (4th Cir. 2023) (internal quotation marks omitted). "The government bears the burden of proving the facts supporting [a sentencing] enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015); *see United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (explaining that preponderance standard "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence" (internal quotation marks omitted)). The district court made explicit findings of fact in supporting each of the challenged sentencing enhancements. We conclude that there was no clear error in any of those findings.

Accordingly, we affirm the district court's judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*